Filed 5/1/13  P. v. Diego CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062416 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD233798) |
| ROBERTO J. DIEGO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed.

A jury convicted Roberto J. Diego of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)) and found that Diego inflicted great bodily injury within the meaning of section 12022.7, subdivision (a) and did so to promote, further and assist in criminal conduct by gang members within the meaning of section 186.22, subdivision (b)(1).

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

The trial court found the alleged prison prior (§ 667.5, subd. (b)) to be not true but found true allegations that Diego had suffered a serious felony prior conviction (§ 667, subd. (a)(1)) and a strike prior (§ 667, subds. (b)-(i)).

At the time of sentencing the trial court struck the "strike" prior and the gang enhancement. The court then denied probation and selected the lower term of two years for the offense. The court then imposed three years consecutively for the great bodily injury enhancement and five years consecutively for the serious felony prior conviction for a determinate term of 10 years in prison.

Diego appeals challenging only the sentence imposed for the offense. He argues the case must be remanded for resentencing because the trial court did not understand it had discretion to strike the great bodily injury enhancement. We find the argument wholly without merit and affirm.

STATEMENT OF FACTS

Since Diego does not challenge the admissibility or sufficiency of the evidence to support his conviction we will not set forth a discussion of the facts of the offense. It is sufficient to note that Diego engaged in an unprovoked attack on the victim in which Diego struck the victim in the head and arm with a hockey stick. The victim suffered a broken wrist and his scalp and ear were cut requiring staples and stitches to close.

DISCUSSION

At the time of sentencing the probation officer recommended a term of 24 years in prison. The prosecutor had offered a seven-year term before trial and thus urged the trial court to impose an 11-year term. For whatever reason, the trial court expressed the view

2

the defendant was a "good guy" and wished he could send the defendant home.

Nevertheless, the court observed probation was not an option, but that 24 years was too long a term. The court said it was going to impose the minimum term it could and then imposed the 10-year term as we have noted above.

Somewhat like the theory that no good deed goes unpunished, Diego has seized on the court's comments and notes the court could have further reduced the term by striking the great bodily injury enhancement. From that premise, counsel argues the court must not have understood the scope of its discretionary authority. Our response to the argument is summed up by the term "nonsense."

At the sentencing hearing the trial judge said, in part:

> "So based on those comments I am going to strike the strike. Probation is not an option. So that's just not an option for you. And I don't -- the prison term that I'm about ready to give you is one that I don't relish because, like I said, I wish I could send you home to your family, but by law I can't do that. [¶] Weighing the mitigating and aggravating factors in this matter, I'm going to choose the low term of two years. And the reason for that is he will be punished on the GBI and also the nickel prior. And the fact that he used the hockey stick, making it a deadly weapon, that also has come into play. But I think, weighing all of the factors mitigated -- the most egregious thing is the injury. And he's going to be separately punished for that. So I choose the low term of two years. Consecutive to that on the great bodily injury, the 12022.7, will be three years. I've stricken the strike. [¶] As for the gang allegation, unfortunately for you, it adds 10 years. But by law I am allowed to impose the gang allegation but strike the punishment. And I have elected to strike the 10-year enhancement on that, though you'll still be classified as a gang member. There's nothing you can do about that. But at least I don't think, particularly in this case, that the Legislature intended the 10-year enhancement to be used in this type of case. So I'm going to strike that. I have no discretion over the five-year nickel prior. That must be imposed as a matter of law

3

consecutively.  So that will be imposed.  Total prison term, 10 years."

## A.  Standard of Review

We review sentencing decisions of the trial court under the abuse of discretion standard.  Under that standard we will not set aside a trial court decision unless the record clearly demonstrates the abuse of that discretion.  (*People v. Williams* (1998) 17 Cal.4th 148, 162.)  Our review of discretionary sentencing decisions proceeds from the assumption the trial court made a proper decision, unless the appellant affirmatively demonstrates the trial court was in error.  *(People v. Tang* (1997) 54 Cal.App.4th 669, 677.)  We will not remand a case for resentencing unless it is reasonably probable that a more favorable sentence would be imposed on remand.  (*People v. Osband* (1996) 13 Cal.4th 622, 728.)

## B.  Analysis

We begin our analysis in this case with the observation we have no quarrel with the trial court's efforts to provide some mitigation of the punishment required for the offense.  Nor do we take issue with the court's view the defendant is a "good guy."  We only comment to note that other trial judges could have viewed this case differently.  This was an unprovoked assault by a gang member using a hockey stick.  Diego in fact inflicted substantial injury on the victim.  While the court found Diego was drunk and remorseful, Diego declined to discuss the offense with the probation officer and said he was not drunk at the time.  He previously told police he was not involved in the offense and denied gang membership.  Diego had been in prison before and had at least two

4

parole violations. In short, reasonable minds could well have differed on the sentence in this case.

Here the trial judge did desire to mitigate the sentence, but not in an irresponsible fashion. The court struck the strike prior and the gang enhancement, thus drastically reducing the potential sentence. The court did, however, note the injuries made the case more "egregious." It noted Diego would be separately punished for the injuries, but then used that as a factor to justify selecting the lower term for the offense. In our view, there is not even a hint that the trial judge was unaware of his discretion to strike the great bodily injury enhancement. Rather, it is clear the judge desired to punish "separately" for those injuries, but even then, used that decision to reduce Diego's total punishment by selecting the two-year lower term rather than the four-year middle term. We are satisfied that no abuse of discretion is demonstrated by this record.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

NARES, J.

McDONALD, J.

5